By the Court.
This case coming up from a court of law, but the counsel concerned having consented that the court shall judge of this case in the same manner as they would do in a Court of Equity, they are therefore of opinion that according to the principle which prevails in Court of Equity, that the act of a Trustee, shall not prejudice the ces tui que trust, who is in that court the owner of that estate; that no confiscation has been operated in the present instance. Although the other Trustees, became disqualified, by the act of confiscation, in leaving the country, yet the competency of Littlejohn remained, and he was adequate to all the purposes for which the trust was created. Even had all the trustees, become subject to the principle established laws, yet according to the principle established in the Moravian cause, the State would have taken the land encumbered with trust. We think that as fruit estates, are the mere creatures of the Court of Equity, and by them so moulded as to obtain the ends of justice, any other construction in the present case, would be irreconcileable with the general doctrine on that subject.